

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2005

# USA v. Chica

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Chica" (2005). 2005 Decisions. Paper 269.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/269

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3026
_____

UNITED STATES OF AMERICA

v.

ARLEY DEJESUS CHICA,
a/k/a EL TIO,
a/k/a HECTOR CHAVEZ,
a/k/a CUCHO,
a/k/a ARTURO SANCHEZ-GONSALEZ,
a/k/a ANDREAS VILLALOBOS FLORES

Arley DeJesus Chica,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 02-cr-00021-1)
District Judge: Honorable John C. Lifland
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2005

Before: ROTH, McKEE and FISHER, *Circuit Judges*.

(Filed : November 3, 2005)
_____

AMENDED OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Arley DeJesus Chica ("Chica") appeals from the District Court's imposition of a 135 month sentence. Chica argues that the District Court erred in imposing sentence by making impermissible factual findings in violation of *United States v. Booker*, 543 U.S. - -, 125 S. Ct. 738 (2005). Because we find that Chica knowingly and voluntarily waived his right to appeal his sentence pursuant to a valid guilty plea agreement, we will dismiss the appeal and summarily affirm the judgment of conviction of the District Court.

I.

As we write solely for the parties, and the facts are known to them, we will discuss only those facts pertinent to our conclusion. On January 22, 2003, the Government charged Chica in a superseding indictment with three counts relating to federal narcotics offenses. On June 30, 2003, Chica pled guilty to count one of the superseding indictment – conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 – pursuant to a written guilty plea agreement with the Government.[1] A provision in that plea agreement provided that Chica

---

[1]Count two charged Chica with distribution and possession with the intent to distribute more than 5 kilograms of cocaine on or about October 2001, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. Count three charged Chica with distribution and possession with the intent to distribute 5 kilograms of cocaine on or about December 2001, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. In accordance with the plea agreement, the District Court granted the Government's motion to dismiss both counts at the time of sentencing.

voluntarily waived "the right to file any appeal . . . if the total offense level determined by the court is equal to or less than 35."

During the change of plea hearing, Chica told the District Court that the written plea agreement constituted the scope of his agreement with the Government. App. at 26. The District Court then specifically addressed the waiver of appeal stipulation in the written plea agreement:

| | |
|---|---|
| THE COURT: | Does the plea agreement and schedule A set forth your agreement on the issue of appeal and collaterally attacking a sentence? |
| CHICA: | Yes. |
| THE COURT: | Looking at the stipulations that address the waiver, do they provide that if your total offense level is found to be equal to or less than 35, then you have agreed not to file an appeal or collaterally attack, excuse me, or collateral attack that challenges your sentence? |
| CHICA: | Yes. |
| THE COURT: | You understand and agree that your right to appeal or attack your sentence is limited by this provision? |
| CHICA: | Yes. |

*Id.* at 31. The District Court subsequently concluded that Chica's plea was made knowingly and voluntarily, and thus accepted his guilty plea as to count one of the superseding indictment.

After the probation office prepared a presentence investigation report, the District Court conducted a sentencing hearing on July 1, 2004. At the hearing, the District Court

3

declined to impose an upward adjustment of two levels for Chica's managerial role in the offense on the basis of the United States Supreme Court's recent decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In addition, the District Court granted the Government's motion for a downward departure pursuant to United States Sentencing Guidelines § 5k1.1 and 18 U.S.C. § 3553(e) and decided to depart from Chica's total offense level of 35 by five levels. The District Court, however, miscalculated Chica's amended guideline level to be an offense level of 32 and sentenced him in the middle of that range to a term of imprisonment of 150 months. Upon being alerted to the mathematical error, the court determined the correct amended guideline level after the downward departure to be an offense level of 30. Thereafter, the District Court sentenced Chica at the top of that range to a term of imprisonment of 135 months.[2]

## II.

Despite the appellate waiver provision contained in his guilty plea agreement, Chica filed an appeal to this Court asserting that the District Court made impermissible factual determinations in violation of the United States Supreme Court's decisions in *Blakely* and *Booker*. We have appellate jurisdiction over Chica's appeal from a final judgement of conviction of the District Court pursuant to 28 U.S.C. § 1291. We apply a

---

[2]Based upon an offense level of 30 and a criminal history category of II, Chica's guideline sentencing range was 108-135 months. *See* U.S. SENTENCING GUIDELINES MANUAL ch. 5, pt. A. The District Court further imposed a term of supervised release of five years.

*de novo* standard of review when determining the validity of a guilty plea agreement containing a waiver of appellate rights. *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001).

III.

In *Khattak*, this Court held that a criminal defendant's knowing and voluntary waiver of appellate rights in a guilty plea agreement is valid, unless such an agreement works a "miscarriage of justice." *Id*. at 563. There, Khattak signed a guilty plea agreement which provided, in part, that he waived his right to appeal his sentence if the District Court fixed his offense level at an offense level of 31 or less. The District Court subsequently fixed Khattak's offense level at 29 – two levels below the appellate threshold set forth in the plea agreement. Khattak appealed his sentence and argued that the appellate waiver provision was void as contrary to public policy. We disagreed, noting that there was not a material distinction between the well-recognized ability of criminal defendants to knowingly and voluntarily waive fundamental Constitutional rights, and their ability to knowingly and voluntarily waive appellate rights. *Id*. at 561. As a result, we concluded that Khattak's appellate waiver was valid and did not contravene public policy because the agreement did not work a "miscarriage of justice." *Id*. at 563.

Any argument that our holding in *Khattak* was disturbed by the United States Supreme Court's decision in *Booker* was foreclosed by our decision in *United States v.*

5

*Lockett*, 406 F.3d 207, 212-14 (3d Cir. 2005), in which we held that a criminal defendant who executed an appellate waiver as part of his guilty plea agreement was not entitled to resentencing in the wake of *Booker*. In *Lockett*, the defendant voluntarily waived his appellate rights in connection with a signed guilty plea agreement. After the District Court imposed Lockett's sentence, the Supreme Court issued its decision in *Booker*. On appeal, Lockett argued that his sentence was inconsistent with *Booker* and urged the Court to vacate his sentence notwithstanding the appellate waiver provision in his guilty plea agreement. We determined that Lockett was not entitled to be resentenced as a result of *Booker*, noting that "[t]he possibility of a favorable change in the law occurring after a plea agreement is merely one of the risks that accompanies a guilty plea." *Id*. at 214. *See United States v. Sahlin*, 399 F.3d 27 (1st Cir. 2005); *see also United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005). As a result, we dismissed Lockett's appeal on the basis that it was inconsistent with the appellate waiver in his plea agreement. *Id*.

A similar result is mandated in this case. Chica expressly agreed to waive his appellate rights in the event that the District Court determined his applicable guideline range to be an offense level of 35 or lower. After declining to apply an upward adjustment and imposing a downward departure of five levels, the District Court concluded that Chica had an offense level of 30. That offense level was below the threshold appellate level set forth in the plea agreement. In accordance with our decision

in *Lockett*, Chica is not entitled to be resentenced because he waived his right to appeal his sentence under these circumstances.[3]

For these reasons, we will summarily affirm the judgment of conviction of the District Court and dismiss Chica's appeal as inconsistent with the appellate waiver in his guilty plea agreement.[4]

---

[3]As a result of our conclusion, we need not decide whether, in the absence of an appellate waiver in the guilty plea agreement, Chica's sentence should be vacated under *Booker*.

[4]In addition, the motions filed by: (1) the Government for leave to be excused from filing a brief, and (2) Chica for leave to file a supplemental brief and to withdraw appeal for return of property are hereby granted with filing as of the date of this opinion.